FILED
2020 Nov-16  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| PRECIOUS V. DOUTHARD<br>An Individual, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | **CIVIL ACTION NO.:** |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| FEHRER AUTOMOTIVE NORTH<br>AMERICA, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, PRECIOUS DOUTHARD ("Douthard"), by and through her attorney of record, and for her Complaint against the Defendant, FEHRER AUTOMOTIVE NORTH AMERICA, LLC ("Fehrer"), states the following:

## I.  JURISDICTION AND VENUE

1.    The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 (Federal question) and 28 U.S.C. §1343 (Civil Rights).

2.    The suit is authorized and the jurisdiction of the Court is invoked to secure protection of and redress the depravation of rights secured by the Americans with Disabilities Act, as amended ("ADAAA") 42 U.S.C.

§12101 *et. seq.*, on the basis of disability discrimination; and by the Family Medical Leave Act, 29 U.S.C. § 2601 *et. seq.*; C.F.R. §825.220(c) on the basis of retaliation.

3.     Venue is proper pursuant to 28 U.S.C. §1391 because all parties are located or conducting business within the Northern District of Alabama, and the acts complained of took place in the Northern District of Alabama, Eastern Division.

4.     Douthard has fulfilled all conditions precedent to the institution of this action under the ADAAA, 42 U.S.C. §12101 *et. seq.*

5.     On July 27, 2020, Douthard timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. (See Charge of Discrimination attached hereto as Exhibit A).

6.     On August 28, 2020, the EEOC issued its Right to Sue, and it was received by Douthard on August 29, 2020. (See Right to Sue Letter attached hereto as Exhibit B).

7.     Douthard timely files this lawsuit within 90 days of her receipt of her "Right-to-Sue" letter from the EEOC.

8.     There are no statutory prerequisites to the FMLA.

## II.     PARTIES

9.    The Plaintiff, Douthard, is over the age of nineteen, is a citizen of the United States and is resident of the State of Alabama, within the Northern District of Alabama, Eastern Division.

10.    The Defendant, Fehrer, is company located and doing business within the Northern District of Alabama, Eastern Division.

11.    The Defendant, Fehrer is an employer within the meaning of both the ADAAA and the FMLA as it employs more than 50 persons for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year within 75 miles of Plaintiff's worksite.

## III.    FACTUAL ALLEGATIONS

12.    In August, 2017, Douthard was hired by Fehrer as a Trimmer working third shift.

13.    Douthard never received any disciplines at Fehrer.

14.    Douthard's direct supervisor was Stephanie (LNU).

15.    Douthard's mother, who was 92, suffered from anemia, atrial fibrillation, bilateral OA, cardiac arrhythmia, dizziness, chronic kidney disease, hypertension, gait abnormality, gerd, glaucoma stage, dysphoria hyperkalemia, hypothyroidism, and OA-multiple sites.

16.    Douthard's mother needed care with her daily activity needs and someone to stay with her when flare ups occurred.

17. Douthard requested and was approved for intermittent FMLA to care for her disabled mother.

18. On February 13, 2020, Douthard properly called the employer's status line to report that she would be using approved FMLA to care for her mother.

19. Douthard was not scheduled to return to work until February 17, 2020.

20. When Douthard returned to work on February 17, 2020, her supervisor, Stephanie (LNU) approached her in a loud manner and stated on February 13, 2020, Douthard did not return to work after a break and that she as being fired for job abandonment.

21. Douthard responded that she was never at work on February 13, 2020 as she had called in to use her intermittent FMLA.

22. A new trainee also told Douthard's supervisor that Douthard was never at work on February 13, 2020.

23. Douthard's supervisor, Stephanie (LNU) would not allow her to speak to anyone in management and made her leave the premises.

24. Douthard's supervisor, Stephanie (LNU) told her that someone from Human Resources would call her, but no one did.

25. Douthard had sufficient FMLA hours left.

26.    Fherer did not properly record Douthard's absences.

27.    Douthard's supervisor, Stephanie (LNU) told other workers she "finally got her ass".

## IV.  CLAIMS

The defendants discriminated against Douthard because of her association with someone with a disability and in retaliation for taking FMLA as follows:

### COUNT I – DISABILITY DISCRIMINATION-

27.    Douthard is a member of a protected class as she was caring for her disabled mother.

28.    Defendants were aware of and/or perceived Douthard's mother as having a disability.

29.    Douthard's mother's disability substantially limited her major life activities of performing manual tasks, such as inability to see, limited mobility, difficulty walking, inability to drive, and inability to take of her daily needs during flare ups.

30.    Even with her mother's disability, Douthard was able to perform the essential functions of the job.

31.    Douthard was terminated for taking care of her disabled mother.

32.    As a result of the foregoing, Douthard was caused to be injured and damaged; to forego compensation/wages (front and back pay plus interest) and benefits; to have her career significantly adversely impacted; and to endure stress, humiliation, shame, loss of self-esteem, mental anguish, and emotional distress, and out of pocket expenses.

33.    As a result of the Defendant's willful and unlawful violations of the ADAAA, the Plaintiff is seeking lost wages (front and back pay plus interest), compensatory damages, punitive damages, attorney's fees and costs of litigation.

## COUNT II- FMLA INTERFERENCE AND RETALIATION

34.    The Plaintiff adopts and re-asserts each and every allegation contained in paragraph 33 as if fully set out herein.

35.    The Plaintiff, Douthard, was an eligible employee as provided by the FMLA in that she had worked for the Defendant for more than one (1) year and had worked 1250 hours within the previous 12 month period. 29 U.S.C. § 2611(2).

36.    The Defendant, Fehrer Automotive was an employer within the meaning of the FMLA in that it employed more than 50 employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. §2611(4).

37.   The Plaintiff was entitled to a total of 12 workweeks during the 12 month period to care for her disabled mother. 29 U.S.C. §2612(a)(1)(C).

38.   The Plaintiff engaged in the protected activity by taking approved FMLA leave to care for her disabled mother.

39.   The Defendant, Fehrer Automotive, interfered and retaliated against Douthard in violation of the FMLA when it failed to properly record Douthard's absences and terminated her for taking her approved intermittent FMLA leave.

40.   As a result of the Defendant's willful and unlawful violations of the FMLA, the Plaintiff has been caused to suffer loss of wages or salary, loss of benefits, loss of other compensation, out of pocket expenses, to have her career significantly adversely impacted; and to endure stress, humiliation, shame, loss of self-esteem, mental anguish, and emotional distress. She is also seeking liquidated damages. 29 U.S.C. §2617.

41.   As a result of the Defendant's willful and unlawful violations of the FMLA, the Plaintiff is seeking lost wages (Front and back pay with interest), compensatory damages, punitive damages, liquidated damages, attorney's fees and costs of litigation.  29 U.S.C. §2617.

## VI.   PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Mitchell, respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Enter an Order requiring the defendant to make Douthard whole by awarding her compensatory, punitive damages, and liquidated damages to include, but not limited to lost wages (both back pay and future pay plus interest), loss of benefits, seniority, and other benefits of employment, embarrassment, humiliation, shame, damage to reputation, damage to career, mental distress, emotional and physical pain and anguish, and out of pocket expenses.

2.    The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully Submitted,

*Patricia a Gill*

Patricia A. Gill
GIL047
Attorney for Plaintiff

**OF COUNSEL**:

PATRICIA A. GILL, P.C.
PO Box 55304
Birmingham, AL 35255
Phone: (205) 789-1906

Facsimile:  (205) 930-9809
E-Mail:  patriciagill@yahoo.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

FEHRER AUTOMOTIVE NORTH AMERICA, LLC
CARE OF: PARACORP INCORPORATED
2 N. JACKSON STREET, SUITE 605
MONTGOMERY, AL 36104